IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MATTHEW SCOTT STRICKLAND,   )
                            )
            Petitioner,     )
                            )
vs.                         )   NO. CIV-17-0843-HE
                            )
JIMMY MARTIN,               )
                            )
            Respondent.     )

# ORDER

Petitioner Matthew Scott Strickland, a state prisoner appearing through counsel, filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court convictions. The matter was referred to Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) for initial proceedings. After the case was stayed and petitioner exhausted his state court remedies, Judge Purcell ordered the state to respond to the petition. With the petition fully briefed, Judge Purcell has now issued a Second Supplemental Report and Recommendation (the "Report") recommending that the petition be denied. Petitioner has objected to the Report, which triggers *de novo* review of the matters to which objection has been made.

Petitioner was convicted of first degree murder, assault and battery with a deadly weapon, and wearing body armor during the commission of a felony. The charges arose out of a shootout with his mother Jill Sides and stepfather Ottie Sides. Petitioner's mother died of gunshot wounds, and Mr. Sides was wounded. A central issue in the trial was who

shot first and whether petitioner was acting in self defense. Petitioner contends that his mother fired two shots before he returned fire.

The petition asserts the same grounds for relief that petitioner presented to the Oklahoma Court of Criminal Appeals ("OCCA") on direct appeal and on appeal from the denial of post-conviction relief: insufficiency of the evidence; prosecutorial misconduct; two claims of ineffective assistance of counsel, and cumulative error. The Report thoroughly addresses each claim and concluded that each should be denied. Petitioner's objections are essentially restatements of his arguments considered by Judge Purcell. The court concludes that the Report properly resolved each claim.

Petitioner objects to the Report's conclusion that the OCCA's determination as to the sufficiency of the evidence was not contrary to law or an unreasonable finding as to the facts or their application. Specifically, petitioner contends that the OCCA's rejection of his sufficiency argument — that the state did not disprove his self-defense argument beyond a reasonable doubt — was erroneous because its summary discussion of the issue did not demonstrate that the OCCA conducted a *de novo* review of the trial evidence. But in federal habeas proceedings, the OCCA's decision is entitled to deference even though its resolution of a claim is summary in nature. Paine v. Massey, 339 F.3d 1194, 1198 (10th Cir. 2003). Further, where a determination of the sufficiency of the evidence is involved, this court's review is even more deferential. Under AEDPA, "the question becomes whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the Jackson standard." Hooks v. Workman, 689 F.3d 1148,

1166 (10th Cir. 2012) (quotations and citations omitted). Under this deferential standard, the OCCA's determination withstands petitioner's challenge.

Next, petitioner objects to the Report's conclusion that the OCCA properly concluded that he was not deprived of a fundamentally fair trial when the prosecutor referred to him as a cold-blooded several times during closing arguments. He contends that the contextual facts surrounding the use of the term demonstrate that the trial was unfair. The court disagrees. The OCCA's conclusion that petitioner had not shown that the prosecutor's arguments seriously affected the fairness of the judicial proceeding was not contrary to or an unreasonable application of the law.[1] The prosecutor's conduct was not so egregious as to undermine the fundamental fairness of the trial.

With respect to the ineffective assistance of counsel claims, petitioner first claims his appellate counsel was ineffective for failing to raise on appeal the ineffectiveness of his trial counsel in dealing with his mental health status. Specifically, he argues his trial counsel failed to conduct a sufficient investigation into his mental health and mental health records and that, rather than suppressing those records, he should have allowed them to be testified about. Petitioner contends that if the forensic psychiatrist he later retained in support of his post-conviction relief efforts had testified at trial, there is a reasonable probability the psychiatrist could have relied on petitioner's mental health history to testify in some fashion that would have generated a different outcome. That strikes the court as extraordinarily unlikely and, in any event, a conclusion to the contrary would have been

---

[1] *The OCCA reviewed the prosecutorial misconduct claim under the plain error standard because no objection to the use of the term was made at trial.*

well within the range of trial counsel's reasonable professional judgment. Those mental health records included evidence that petitioner had confided to a psychologist that he had a "hit list" of people he wanted to kill and that his mother was on the list. It is difficult to imagine a more prejudicial piece of evidence in a trial for killing his mother. The court fully concurs in the Report's conclusion that the OCCA's determination of the issue was not an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner also argues that his counsel were ineffective for failing to retain a forensic expert to review police reports and physical evidence related to the shootout. An expert report submitted with his post-conviction relief efforts calls into question an argument used by prosecutors during the trial — that a bullet found in one of his mother's pockets may have fallen there after first passing through her husband's leg and was therefore some corroboration of their theory that petitioner fired the first shot. The report highlights that there was no biological evidence obtained from the bullet indicating that it had passed through any portion of anybody. But the report also noted that the absence of such biological evidence did not resolve the issue of who fired the first shot, and a jury would still be left to resolve the issue on the basis of the limited testimony that was available. Against that backdrop, the OCCA concluded that petitioner's trial counsel was not ineffective for failing to retain a shooting or forensics expert to rebut the state's theory of the case and that appellate counsel was not ineffective for failing to raise the argument. The court applied the proper standard in reaching that conclusion. Therefore, as the Report correctly noted: "Viewed through the doubly deferential lenses of *Strickland* and the AEDPA, the OCCA's decision is not contrary to, or an unreasonable application of,

4

Supreme Court law." Report at 29. Petitioner's second ineffective assistance of counsel claim also fails.

Finally, with respect to petitioner's cumulative error argument, the court agrees with the Report in concluding petitioner has not shown otherwise harmless errors to which a cumulative error analysis should be applied.

After *de novo* review, the court concludes that the petition must be denied for the reasons stated here and in the Report. The Report [Doc. #30] is **ADOPTED**. The Petition for Writ of Habeas Corpus [Doc. #1] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of March, 2021.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE